**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PATRICE MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:26-cv-01809** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MAXIMUS, INC.** | ) | |
| | ) | **Jury Trial Demanded** |
| **- AND-** | ) | |
| | ) | |
| **ALTASTAFF, LLC,** | | |
| | | |
| **Defendants.** | | |

## COMPLAINT

Plaintiff, Patrice Miller ("Plaintiff"), by and through the undersigned counsel, hereby

files this Complaint against Maximus, Inc. and AltaStaff, LLC (collectively "Defendants"), and

in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§2000e *et seq*. ("Title VII"), as amended by the Pregnancy Discrimination Act ("PDA"), seeking

redress for Defendants' sex and pregnancy-based discrimination and Defendants' retaliation

against Plaintiff for engaging in a protected activity under Title VII.

2. This lawsuit further arises under the Pregnant Workers Fairness Act, 42 U.S.C.

§2000gg *et seq*. as amended, ("PWFA") for Defendants' pregnancy-based discrimination and

Defendants' retaliation against Plaintiff for engaging in a protected activity under the PWFA.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

4. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendants operate and transact business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

5. At all relevant times, Defendants have continuously been under contract for services rendered in Illinois, and have continuously been a joint employer, which both Defendants generally controlled the terms and conditions of the employment of Plaintiff.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to jurisdiction have been satisfied.

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission against both Defendants. ("EEOC") (attached hereto as Exhibits "A" and "B").

8. Plaintiff received a Notice of Right to Sue from the EEOC for both Defendants. (attached hereto as Exhibit "C" and "D").

9. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

10. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant to the allegations of this Complaint resided in Cook County, Illinois.

11. Defendant Maximus, Inc., whose address is 819 S Wabash Ave, Suite 700, Chicago, Illinois 60605-2153, is a corporation specializing in providing government services that at all times material to the allegations in this Complaint was doing business in and for Cook County, Illinois.

12. Defendant AltaStaff, LLC., whose address is 53 W Jackson Blvd, Suite 661, Chicago, Illinois 60604-4093, is a limited liability company specializing in staffing that at all times material to the allegations in this Complaint was doing business in and for Cook County, Illinois.

2

13.     Plaintiff was employed by Defendants as an "employee" within the meaning of Title VII, 42 U.S.C §2000e(f).

14.     At all times relevant, Defendants have had at least fifteen employees, have been an "employer" as defined by Title VII, and have been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b)

## BACKGROUND FACTS

15.     Plaintiff worked for Defendants as a remote Customer Service Representative from on or about June 23, 2025, until Plaintiff's unlawful termination on or about July 8, 2025.

16.     As a Customer Service Representative, Plaintiff's duties included, but were not limited to, the following, answering customer inquiries and providing assistance via phone and email, documenting customer interactions and resolving issues in a timely and professional manner, and adhering to performance standards set by both Defendants.

17.     Plaintiff met or exceeded Defendants' performance expectations throughout the entire duration of her employment.

18.     Plaintiff is pregnant female and is a member of a protected class because of her sex and pregnancy.

19.     Plaintiff did not disclose her pregnancy during her interviews due to concerns that disclosure may affect her ability to be hired or retained.

20.     Since at least July 7, 2025 Defendants have subjected Plaintiff to different terms and conditions of employment than others not within her protected class and have subjected Plaintiff to a hostile work environment on the basis of sex and pregnancy, violating Title VII.

21.     On or about July 7, 2025, Plaintiff disclosed her pregnancy to a Maximus HR representative.

22.     Plaintiff informed the representative that she was 36 weeks pregnant, and in response, the representative informed Plaintiff that because she had not completed 90 days of employment, her assignment would be immediately terminated.

23.     Despite Plaintiff expressing a desire to find a reasonable solution, the representative stated that they would make a decision within two weeks.

24.     On or about July 8, 2025, the very next day, Plaintiff was informed by Melody (LNU), a recruiter from AltaStaff, LLC, that Maximus, Inc. had terminated her assignment.

25.     When Plaintiff requested the reason for her termination, Melody stated that she could not provide any additional information but encouraged Plaintiff to apply for other jobs.

26.     Despite this, Plaintiff has not been placed in any new assignments since her termination.

27.     On or about July 9, 2025, Plaintiff contacted AltaStaff, LLC via email to report that her termination was unlawful and based on discrimination due to her sex and pregnancy.

28.     Plaintiff requested reinstatement to her previous position.

29.     In response, Taisa (LNU), an HR representative from AltaStaff, LLC, stated that Plaintiff was welcome to reapply and that they would contact Plaintiff when a new assignment became available.

30.     As of July 16, 2025, Plaintiff has not been contacted or placed in any new positions.

31.     Plaintiff was unlawfully terminated because of her sex and pregnancy, on or about July 8, 2025.

32.     Plaintiff had no disciplinary issues, no performance concerns, and was fully qualified for her position.

4

33.     Plaintiff's pregnancy did not affect her ability to perform the essential functions of her job.

34.     Plaintiff suffered adverse employment actions, specifically termination, due to her sex and pregnancy, and in retaliation for her opposition to unlawful discrimination.

35.     The sex- and pregnancy-based discrimination and retaliation were perpetrated by Defendants' agents, thereby placing Defendants on actual or constructive notice of the unlawful conduct.

36.     Moreover, Plaintiff reported the sex- and pregnancy-based discrimination and retaliation to Defendants, yet Defendants failed to take corrective action.

37.     Consequently, a basis exists for employer liability for the sex- and pregnancy-based discrimination and retaliation to which Plaintiff was subjected.

38.     Plaintiff was targeted for termination because of her sex (female), pregnancy, and her report of unlawful discrimination.

39.     Plaintiff can show that she engaged in statutorily protected activity by opposing sex- and pregnancy-based discrimination.

### COUNT I
**Violation of Title VII of the Civil Rights Act of 1964**
**(Sex- and Pregnancy-Based Discrimination)**

40.     Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

41.     By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based on her status as a pregnant female, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

42.     Plaintiff met or exceeded performance expectations.

43. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

44. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's status as a pregnant female.

45. Plaintiff was subjected to an adverse employment action because of her status as a pregnant female.

46. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

47. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## <u>COUNT II</u>
### Violation of Title VII of The Civil Rights Act of 1964
### (Sex- and Pregnancy-Based Harassment)

48. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

49. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and subjected Plaintiff to sex- and pregnancy-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

50. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. due to Plaintiff's status as a pregnant female.

51. Defendants knew or should have known of the harassment.

52. The sex- and pregnancy-based harassment was severe or pervasive.

53. The sex- and pregnancy-based harassment was offensive subjectively and objectively.

6

54. The sex- and pregnancy-based harassment was unwelcomed.

55. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

56. As a direct and proximate result of the sex- and pregnancy-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of Title VII of The Civil Rights Act of 1964**
**(Retaliation)**

57. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

58. Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq.*

59. During Plaintiff's employment with Defendants, Plaintiff reasonably complained to Defendants about conduct that constituted sex- and pregnancy-based discrimination and harassment.

60. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

61. In response to Plaintiff's complaint, Defendants failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex- and pregnancy-based discrimination and harassment.

62. Defendants also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

63. Plaintiff suffered adverse employment action in retaliation for engaging in a protected activity.

7

64.     By virtue of the foregoing, Defendants retaliated against Plaintiff based on Plaintiff's reporting the sex- and pregnancy-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

65.     Defendants' retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

66.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendants, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

<u>**COUNT IV**</u>
**Violation of the Pregnant Workers Fairness Act**
**(Failure to Accommodate)**

67.     Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

68.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's pregnancy related limitations in violation of the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg *et seq.*

69.     Plaintiff is a qualified employee as defined by 42 U.S.C. 2000gg *et seq.*

70.     Defendant was aware of the pregnancy and the need for accommodations.

71.     Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

72.     Plaintiff's reasonable accommodations that were requested were not an undue burden on Defendant.

73.     Defendant did not accommodate Plaintiff's pregnancy.

74.     Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex (female) and pregnancy.

75. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

76. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

<u>COUNT V</u>
**Violation of the Pregnant Workers Fairness Act**
**(Retaliation)**

77. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

78. During Plaintiff's employment with Defendants, Plaintiff requested accommodations in relation to her pregnancy.

79. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg *et seq*.

80. By virtue of the foregoing, Defendants retaliated against Plaintiff based on Plaintiff requesting accommodations in relation to her pregnancy, thereby violating the Pregnant Workers Fairness Act of 2023, as amended, 42 U.S.C. §2000gg *et seq*.

81. Plaintiff suffered an adverse employment action, specifically termination, in retaliation for engaging in protected activity.

82. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

83. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. Award pre-judgment interest if applicable; and

h. Award Plaintiff any and all other such relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury. Dated this 18th day of February 2026.

/s/*Travis P. Lampert*
**Travis P. Lampert, Esq.**
**Sulaiman Law Group, Ltd.**
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 581-5456
tlampert@atlaslawcenter.com
*Counsel for Plaintiff*

/s/ *Yousef J. Ahmad*
**Yousef J. Ahmad, Esq.**
**Sulaiman Law Group, Ltd.**
2500 South Highland Avenue, Suite 2000
Lombard, Illinois 60148
630-575-8188
yahmad@atlaslawcenter.com
*Counsel for Plaintiff*

10